UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL KIRK LEGGETT,** | ) | **CASE NO.1:05CV732** |
| | ) | **(1:92CR233)** |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner Michael Kirk Leggett's Motion, to Vacate, Set Aside or Correct Petitioner's sentence of twenty-four months for violation of supervised release in a California felony case pursuant to 28 U.S.C. §2255. Petitioner failed to file his motion within the statutory limitations period, therefore, Petitioner's Motion is denied.

On November 16, 1992, Petitioner, in criminal case 1:92CR233, before the United States District Court Northern District of Ohio, was found to have violated his supervised release in a prior California felony case and was sentenced to twenty-four months incarceration to be served consecutively to a prior court-imposed sentence of one hundred fifteen months for attempted bank robbery and assault on a federal officer. On May 5, 1994, the Sixth Circuit Court of

Appeals held, "the district court was not clearly erroneous in finding '...that the defendant violated a condition of supervised release.'" *United States v. Leggett,* 23 F.3d 409 *3 (6th Cir. 1994).

Petitioner contends (1) his conviction was obtained in violation of the protection against double jeopardy; (2) he was charged with a crime he did not commit as he was never on supervised release; (3) he was never advised of his Sixth Amendment right to counsel as he was *pro se* on a separate case, the Judge never asked him if he wanted representation in the underlying criminal case at issue here; and (4) he was not advised of any rights and was not before the correct Judge.

The government contends Petitioner has filed his Petition outside the statutory limitation period for collateral relief. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner has a one-year period of limitation running from:

**(1)** the date on which the judgment of conviction becomes final;

**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

To maintain an action on collateral review of a prisoners sentence, a prisoner's conviction becomes final at the conclusion of direct review. *Johnson v. United States,* 246 F.3d 655, 657 (6th Cir. 2001). Petitioner did not file a certiorari petition with the United States Supreme Court after the Sixth Circuit affirmed his conviction on May 5, 1994. Therefore,

pursuant to *Clay v. United States,* 537 U.S. 522, 525 (2003), Petitioner's direct appeal became final on August 5, 1994, ninety days after the Sixth Circuit Court of Appeals entered judgment affirming his conviction (the time in which a petition for writ of certiorari could have been filed). For prisoners such as Petitioner, whose convictions occurred prior to the effective date of the AEDPA, a one-year grace period permitted filings of §2255 motions up to April 24, 1997. Petitioner filed his §2255 Motion on March 15, 2005, nearly eight years after the limitations period ran.

"Under 28 U.S.C. § 2255, '[a] prisoner in custody under sentence of a [federal] court ⋯ claiming the right to be released ⋯ may move the court which imposed the sentence to vacate, set aside or correct the sentence.' In order to prevail upon a 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003) quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

The Court finds Petitioner is time barred from alleging the claims contained in his §2255 motion as Petitioner's Petition was filed nearly eight years after the one-year limitation period had run. Petitioner contends equitable tolling should be permitted claiming he is actually innocent and the government perpetrated a fraud on the trial court. "Actual innocence" applies only in a narrow class of cases when Petitioner submits new evidence demonstrating his actual innocence. See *Bousley v. United States*, 523 U.S. 614, 622-23 (1998). "[T]o support a claim for actual innocence, a petitioner must support his arguments 'with new reliable evidence ⋯ that was not presented at trial.'" *Souter v. Jones*, 395 F.3d 577, 596 (6th Cir. 2005) quoting *Schlup v.*

*Delo,* 513 U.S. 298, 324 (1995).

The evidence presented by Petitioner is the transcripts of the United States District Court Northern District of California case number 88-0681, vacating Petitioner's original sentence of forty-six months and and resentencing Petitioner to thirty-seven months with no mention of supervised release.  The government attorney at Petitioner's sentencing in case number 1:92CR035 in United States District Court Northern District of Ohio, stated supervised release in the California case is automatically included by operation of law.  The District Court determined and the Sixth Circuit affirmed Petitioner had violated the conditions of his supervised release.  This Court does not find Petitioner's claims fit the narrow exception permitting tolling of the statute of limitations for actual innocence because Petitioner's evidence is not new but was available for presentation on direct appeal.  Furthermore, Petitioner's own exhibits show he motioned the California court for transfer of supervised release from California to the Northern District of Ohio in 1991.  Nor does the Court find a fraud was perpetrated by the government, as the Court was aware and discussed the fact that Petitioner's resentencing in the California case apparently did not reference a new term of supervised release.

In *Dunlop v. United States*, the Sixth Circuit applied the following five factors for courts to consider when determining whether to equitably toll the statute of limitation: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim".  250 F.3d 1001, 1008 (6th Cir. 2001).  Petitioner does not base his equitable tolling argument on any of the above factors, therefore, the Court will not

4

address them.

Therefore, the Court finds Petitioner's claims are time barred, do not present new evidence of actual innocence and do not evidence a fraud on the court perpetrated by the government.

IT IS SO ORDERED.


October 27, 2006       s/Christopher A. Boyko
Date           CHRISTOPHER A. BOYKO
             United States District Judge